FILED
U.S. District Court
District of Kansas

JUL 2 5 2022

Clerk, U.S. District Court
By JRoad Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

Plaintiff,

v.

Case No. 21-cr-10068-JWB-02

THOMMIE-LYN STANSKY

Defendant.

**PLEA AGREEMENT**

The United States of America, by and through Assistant United States Attorneys, Jason W. Hart and Molly M. Gordon, and the defendant, Thommie-Lyn Stansky, personally and by and through her counsel, Kari S. Schmidt, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.  **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 1 and 2 of the Superseding Indictment, charging violations of 18 U.S.C. §2251(a) and (e), that is, Conspiracy to Commit Sexual Exploitation of a Child (Production of Child Pornography). By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Superseding Indictment to which she has agreed to plead guilty is not more than thirty (30) nor less than fifteen (15) years of imprisonment, a fine of up to $250,000.00, a term of supervised release up to life and not less than five (5) years, a $100.00 mandatory special assessment pursuant to 18 U.S.C. § 3013, an additional assessment of up to $50,000.00 pursuant to 18 U.S.C. § 2259A(a)(3)[1], an additional assessment of $5,000.00 pursuant

---

[1] Commonly known as the Amy, Vicky, and Andy Child Pornography Victim Assistance Act, or the AVAA.

Ver. 19-01

to 18 U.S.C. § 3014[2], and restitution pursuant to 18 U.S.C. § 2259. The defendant understands that the maximum sentence which may be imposed as to Count 2 of the Superseding Indictment to which she has agreed to plead guilty is not more than thirty (30) nor less than fifteen (15) years of imprisonment, a fine of up to $250,000.00, a term of supervised release up to life and not less than five (5) years, a $100.00 mandatory special assessment pursuant to 18 U.S.C. § 3013, an additional assessment of up to $50,000.00 pursuant to 18 U.S.C. § 2259A(a)(3), an additional assessment of $5,000.00 pursuant to 18 U.S.C. § 3014, and restitution pursuant to 18 U.S.C. § 2259. The defendant further understands that Counts 1 and 2 may be made to run consecutive to one another.

2.  **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> Sometime prior to February 1, 2021, the defendant Thommie-Lyn Stansky began a co-habitant sexual relationship with co-defendant Dustin Kenneth Strom. During the relationship, Strom disclosed his sexual interest in children to Stansky. Rather than terminate the relationship and report Strom to authorities, Stansky joined Strom in discussing the sexual abuse of children and the viewing of child pornography.

> As part of their relationship, Stansky sexually abused 4 year old Minor Victim 1 and created an image showing Stansky performing oral sex upon the minor. This image was shared with Strom. Stansky also sexually abused 2 year old Minor Victim 2, and provided an image of Stansky penetrating the minor's genitals with her finger. Stansky also facilitated Strom's abuse of that child, wherein he created images of that child performing oral sex on Strom, by luring the child's parent away while the child remained in Strom's care, during which Strom created images of that child performing oral sex on Strom.

> On August 23, 2021, some of Strom's child pornography activities relative to Minor Victim 1 were discovered and reported by a social media provider because they had been sent to others via the internet. When law enforcement responded to Stansky and Strom's residence, Stansky acknowledged Minor Victim 1 was the child in the sexually explicit depiction reported by the social media provider, and Stansky also acknowledged that the image reflected the bed and bedroom of Stansky and Strom. However, at that time, Stansky denied Strom was the adult male in the depiction.

---

[2] Commonly known as the Justice for Victims of Trafficking Act, or the JVTA.

Subsequent forensic examination of Stansky's phone and Strom's phone, as well as their social media account content, revealed communications between Stansky and Strom as well as images depicting the sexual abuse of Minor Victim 1 and Minor Victim 2. Communications showed Stansky encouraged Strom to engage in sexual abuse of a child.

The defendant Thommie-Lyn Stansky admits that she conspired and agreed with Dustin Strom to sexually abuse Minor Victim 1 and Minor Victim 2, and to produce depictions of that sexual abuse using devices which had been manufactured outside the state of Kansas and transported in interstate commerce prior to usage by Stansky and Strom.

3. **Application of the Sentencing Guidelines.** The defendant understands that the Court will use the United States Sentencing Guidelines (Guidelines) to calculate the applicable Guideline sentencing range. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The defendant understands that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining counts of the Superseding Indictment pertaining to the defendant at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Superseding Indictment (including Indictment, and Complaint);

(c) to move and recommend the defendant receive the full/available "acceptance of responsibility" reduction under U.S.S.G. § 3E1.1 (believed to be three points) because she timely notified the government of her intention to enter a plea of guilty; and

(d) to not request a fine as part of sentencing.

**The United States will otherwise be free to argue its respective position regarding the appropriate sentence, including terms of imprisonment, supervised release, and assessments; the defendant will likewise be free to argue her respective position regarding the appropriate sentence.**

The United States' obligations under this Section (Section 5) are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to her involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if she has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, she understands and agrees that all statements she made, any testimony she gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against her in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements she made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence she will receive.

7. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States: Samsung Galaxy S21 (IMEI 3595061432268138) smartphone. The defendant agrees that this property was used or intended to be used to commit or to promote the commission of Counts 1 and 2 of the Superseding Indictment. The defendant knowingly and voluntarily waives her right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of her sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon her in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of her interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

8.      **Restitution.** The defendant acknowledges that her conduct involved the Production of Child Pornography involving two different minors, for which restitution is authorized and mandated pursuant to 18 U.S.C. § 2259(a). At this time, no restitution has been requested by the minors or their representatives. The defendant understands and agrees that, if the victims or their representatives submit a request for restitution, the defendant will be responsible to pay for the full amount of the victim's losses, as contemplated in 18 U.S.C. § 2259(b)(1), as determined by the Court.

The defendant also agrees to pay restitution in an amount of $3,000 per identified victim from her collection that requests restitution prior to sentencing, including victims associated with any dismissed counts (Counts 9 of the Superseding Indictment).

9.      **Payment of Special Assessment(s).** The defendant understands that a mandatory special assessment of $100.00 will be entered against her, for each count of conviction (for a total of $200.00), at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during her period of incarceration.

10.     **Payment of Assessments in Child Pornography Cases.** The defendant understands that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall impose an assessment pursuant to the AVAA of not more than $50,000.00 for each count of conviction under Counts 1 and 2 of the Superseding Indictment (for a total of up to $100,000.00). The defendant also understands that the imposition of an assessment under this section does not relieve her of (nor entitle her to reduce the amount of) any other penalty

6

by the amount of the assessment(s). The parties agree they will argue their respective positions regarding the assessment in child pornography cases pursuant to 18 U.S.C. § 2259A(a)(3), but agree to be bound by the Court's determination within the statutory range.

11. **Payment of JVTA Assessment.** The defendant understands that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court shall imposed an assessment pursuant to the JVTA of $5,000.00 for the defendant's conviction under Counts 1 and 2 of the Superseding Indictment, unless the Court determines the defendant is indigent. The defendant has the burden of establishing indigency. The parties acknowledge that if the Court finds the defendant is without resources to pay the JVTA assessment at the time of sentencing, the Court may allow payment during her period of incarceration.

12. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which she does not agree, she will not be permitted to withdraw her guilty plea.

13. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, her conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords her the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court

departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

14. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning her background, character, and conduct, including the entirety of her criminal activities. The defendant understands these disclosures are not limited to the count to which she is pleading guilty. The United States may respond to comments she or her attorney makes, or to positions she or her attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16. **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that she must update her registrations not later than three business days after any change of name, residence, employment, or student status. Likewise, the defendant must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only her and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

18. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with her attorney and she is fully satisfied with the advice and representation her attorney provided. Further, the defendant acknowledges that she has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement

embodies each and every term of the agreement between the parties. The defendant acknowledges that she is entering into this Plea Agreement and is pleading guilty because she is guilty. She further acknowledges that she is entering her guilty plea freely, voluntarily, and knowingly.

_____  Date: 7/25/2022
JASON W. HART
Assistant United States Attorney

_____  Date: 7/25/2022
MOLLY M. GORDON
Assistant United States Attorney

_____  Date: 7/25/22
AARON L. SMITH
Assistant United States Attorney
Supervisor

_____  Date: 7/25/2022
THOMMIE-LYN STANSKY
Defendant

_____  Date: 7-25-2022
KARI S. SCHMIDT
Counsel for Defendant