**In the United States District Court
for the District of Kansas**

United States of America,
          Plaintiff,

                                    Case No. 21-CR-10068-02-JWB

v.

Thommie-Lyn Stansky,
          Defendant.

**Defendant's Notice of Intent to Waive Right to be Present at
Restitution Hearing and Waiver of Appearance**

Thommie-Lyn Stansky, by and through counsel, respectfully submits this Notice
and Waiver [1] of her intent to waive her right to be present at the restitution hearing,
currently set for January 5, 2023. Ms. Stansky asks the Court to accept the attached
Waiver of Appearance as a knowing and voluntary waiver of her right to be present at the
hearing, or, in the alternative, conduct an advisement hearing.

Federal Rule of Criminal Procedure 43 generally requires defendants to be present
at sentencing but allows for circumstances in which defendants may waive the right to be
present. *See* Fed. R. Crim. P. 43(c)(1)(B) (explaining that a defendant who has pleaded
guilty in a noncapital case waives the right to be present by remaining "voluntarily absent
during sentencing"). The right to be present during sentencing may be waived with Ms.

---

[1] *See* Attachment 1- Waiver of Appearance.

Stansky's "express or implied consent." *United States v. Jurado-Lara,* 287 F. App'x.

704, 707 (10th Cir. 2008) (citing *United States v. Gagnon,* 470 U.S. 522, 526-529 (1985));

*see also Larson v. Tansy,* 911 F.2d 392, 397 (10th Cir. 1990). The waiver must be both

knowingly and voluntarily made. *Jurado-Lara,* 287 F. App'x at 707. Ms. Stansky asks

that the Court treat this filing as a knowing and voluntary waiver of her right to be present

at the restitution hearing.

If this Court harbors any concerns about validity of the attached written waiver,

Ms. Stansky asks that the Court conduct an advisement hearing prior to the restitution

hearing to advise Ms. Stansky of her rights and determine whether the waive is voluntary

and informed. *See United States v. Nacchio,* No. 05-cr-00545-MSK, 2010 WL 11626783,

at *2 (D. Colo. Apr. 13, 2010) (noting that courts often presume that a waiver is invalid

unless the defendant is advised of these rights in court); *see also United States v. Gordon,*

829 F.2d 119, 125 (D.C. Cir. 1987). The government, through Assistant United States

Attorney Molly Gordon, does not oppose this request.

Accordingly Ms. Stansky knowingly and voluntarily waives her right to be present

at the restitution hearing currently scheduled for January 5, 2023, and requests that the

Court accept her written waiver and excuse her appearance at the hearing. If Ms.

Stansky's waiver is insufficient, the Court should hold an advisement hearing in advance

of the restitution hearing in order to determine whether Ms. Stansky's waiver of

appearance is knowing and voluntary.

Respectfully submitted,

s/Kari S. Schmidt
Kari S. Schmidt, #11524
Conlee Schmidt & Emerson, LLP
200 W. Douglas, Suite 300
Wichita, Kansas 67202
PH: 316.264.3300
FAX: 316.264.3423
Email: karis@fcse.net
Attorneys for Thommie-Lyn Stansky

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Motion To Continue was filed and served electronically pursuant to the CM/ECF system on December 29th, on all counsel of record.

S/Kari S. Schmidt

ATTACHMENT 1

---

## Defendant's Waiver of Appearance at Restitution Hearing

---

Ms. Thommie-Lyn Stansky, after consulting with counsel, hereby agrees that:

1. On July 25, 2022, pursuant to a written plea agreement, Ms. Stansky appeared in the United States District Court for the District of Kansas in Wichita, Kansas, and pled guilty to Counts 1 and 2 of the Superseding Indictment, (Doc. 69).

2. Ms. Stansky's sentencing hearing was held on October 19, 2022.  The Court imposed 720 months imprisonment (360 months on both Counts 1 and 2 to run consecutively) and 15 years of supervised release; $200 assessment; and $20,000 AVAA assessment.

3. Ms. Stansky appeared in person and with counsel at the sentencing hearing.

4. Co-Defendant Dustin K. Strom was also sentenced on October 19, 2022.  Co-Defendant Dillon E. Everman was sentenced on November 30, 2022.

5. The Court deferred determining restitution until January 5, 2023.

6. Ms. Stansky is currently in custody at the Harvey County Jail.

7. Ms. Stansky intends by this agreement knowingly and voluntarily to waive her physical appearance at the restitution hearing currently scheduled for January 5, 2023.

8. Ms. Stansky understands that by signing this waiver of physical appearance, she agrees that the Court may impose an order of restitution on her as if she were physically present for the restitution hearing.

9. Ms. Stansky understands that, by waiving her physical appearance at the restitution hearing, she is waiving certain rights that she has pursuant to Rule 43 of the Federal Rules of Criminal Procedure that relate to her physical presence at sentencing, including her right to have the Court address her in person, to appear physically, or to present any information pertinent to the Court's determination of restitution.

10.     Ms. Stansky understands that, by waiving her physical appearance at the restitution hearing, she is waiving certain rights that she has pursuant to the U.S. Constitution, including her rights under the Sixth Amendment and due process.

11.     Ms. Stansky, after consultation with counsel, knowingly and voluntarily waives her physical appearance at the restitution hearing on January 5, 2023.

Dated: December ___28___, 2022

_____
Thommie-Lyn Stansky
Defendant

_____
Kari S. Schmidt
Attorney for Defendant