IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                             Case No.  21-10068-JWB-2

THOMMIE-LYN STANSKY,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for sentencing transcripts. (Doc. 166.)  The motion is DENIED WITHOUT PREJUDICE for the reasons stated herein.

On July 25, 2022, Defendant pleaded guilty to two violations of 18 U.S.C. § 2251(a) and (e), Conspiracy to Commit Sexual Exploitation of a Child – Production of Child Pornography. (Doc. 69.)  On October 20, 2022, the court sentenced her to 360 months imprisonment for each count and ran the sentences consecutively for a total of 720 months. (Doc. 96.)  Defendant did not file an appeal.  In November 2023, the court denied Defendant's motion to run her sentences concurrently and for an extension of time to file a § 2255 motion. (Doc. 165.)  Defendant has now filed a motion for her sentencing transcripts. (Doc. 166.)  Defendant's filing merely states that she needs the transcripts for "filing 18 U.S.C. 2255 and 18 U.S.C. 2241" motions. (*Id.*)  Defendant is proceeding pro se.

A defendant does not have a constitutional right to a free transcript.  *Negron v. Adams*, 229 F.3d 1164 (10th Cir. 2000).  However, under 28 U.S.C. § 753(f), the United States shall pay the transcript fees for a defendant who is permitted to proceed in forma pauperis ("IFP") in pursuit of a § 2255 petition so long as the trial judge certifies that (1) the suit is nonfrivolous, and (2) the

1

transcript is necessary to decide an issue in the suit.  *See* 28 U.S.C. § 753(f); *see United States v. Suarez*, No. 03-20085-01-JWL, 2007 WL 2323362, at *1 (D. Kan. Aug. 9, 2007).  Additionally, although § 753(f) only references trial transcripts, the Tenth Circuit has applied the standard to requests for other free court filings.  *See United States v. Lewis*, 37 F.3d 1510 (10th Cir. 1994); *see also Suarez*, 2007 WL 2323362, at *1 (concluding that the defendant needed to demonstrate a nonfrivolous claim in order to receive a free copy of his plea agreement).

In her motion, Defendant merely requests a transcript for "filing 18 U.S.C. 2255 and 18 U.S.C. 2241" motions.  (Doc. 166.)  This does not satisfy the standard under § 753(f).  *United States v. Trejo-Chavez*, No. 21-10013-01-JWB, 2024 WL 3898604, at *1 (D. Kan. Aug. 22, 2024).  As the Tenth Circuit has held, "before a defendant is entitled to a free transcript, [s]he must make the particularized showing [of fact] required by [28 U.S.C. § 753(f)]."  *Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993).

Therefore, Defendant's motion (Doc. 166) is DENIED without prejudice.  Defendant can file a new motion that complies with the standard set forth herein or contact the clerk's office for more information on how to obtain court filings.

IT IS SO ORDERED.  Dated this 10th day of February, 2025.

                                                      __s/ John W. Broomes_____
                                                      JOHN W. BROOMES
                                                      UNITED STATES DISTRICT JUDGE